UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:11-CR-139-TAV-CCS |
| | ) | |
| WILLIAM BOST, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

This criminal case is before the Court on the defendant's motion for a sentence reduction [Doc. 60]. In the defendant's motion, the defendant requests that the Court resentence him pursuant to 18 U.S.C. § 3582(c)(2) and in accordance with Amendment 782 and Amendment 788 to the United States Sentencing Guidelines Manual. The government has responded [Doc. 61]. The government asserts that the defendant is not eligible for relief because he was sentenced as a career offender.

**I. Standard of Review**

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 131 S. Ct. 3685, 2690 (2011) (internal citation and quotation marks omitted). One exception is identified in 18 U.S.C. § 3582(c)(2):

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to

the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The United States Supreme Court has interpreted § 3582(c)(2) as setting forth two requirements for a sentence reduction. First, "the defendant [must] ha[ve] been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission[.]" *United States v. Riley*, 726 F.3d 756, 758 (6th Cir. 2013) (internal quotation marks and citation omitted). Second, "such reduction [must be] consistent with applicable policy statements issued by the Sentencing Commission." *Id.* (internal quotation marks omitted). If the reviewing court determines that the defendant is eligible for a sentence reduction, then "[t]he court may then 'consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a).'" *United States v. Thompson,* 714 F.3d 946, 949 (6th Cir. 2013) (quoting *Dillon v. United States*, 560 U.S. 817, 826 (2010)).

In determining whether a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, the Court must first determine "the amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing." *Dillon*, 560 U.S. at 827 (internal quotation marks and citation omitted); *see also* U.S. Sentencing Guidelines Manual § 1B1.10(b)(1). Other than substituting Amendment 782 for the corresponding provision applicable when the defendant was originally sentenced, the Court "shall leave all other guideline application decisions unaffected." *Id.* And the Court "shall not" reduce a defendant's term of

2

imprisonment to a term "less than the minimum of the amended guideline range," nor to a term "less than the term of imprisonment the defendant has already served." *Id.* § 1B1.10(b)(2)(A), (C).[1]  In addition to these limits, section 1B1.10 states that a court must also consider the § 3553 factors and the danger to the public created by any reduction in a defendant's sentence. *Id.* at cmt. n.1(B).  A court may further consider a defendant's post-sentencing conduct. *Id.*

## II. Analysis

Amendment 782 to the Guidelines, which became effective on November 1, 2014, revised the Guidelines applicable to drug-trafficking offenses by reducing by two levels the offense levels assigned to the drug quantities described in section 2D1.1. U.S. Sentencing Guidelines Manual App. C, amend. 782.  Amendment 782 also makes corresponding changes to section 2D1.11.  Amendment 788, which became effective on November 1, 2014, as well, identified Amendment 782 as retroactive.  U.S. Sentencing Guidelines Manual App. C, amend. 788.

Even if Amendment 782 were to lower the defendant's offense level under Chapter Two, the career-offender provisions of Chapter Four would still apply. U.S. Sentencing Guidelines Manual § 1B1.10(b)(1) (directing the Court to "leave all other guideline application decisions unaffected"). Section 4B1.1(b) provides that "if the

---

[1] Section 1B1.10 provides one exception to the rule that a defendant may not receive a sentence below the amended guideline range—namely, if the defendant originally received a below-guideline sentence "pursuant to a government motion to reflect the defendant's substantial assistance to authorities." U.S. Sentencing Guidelines § 1B1.10(b)(2)(B).

3

Case 3:11-cr-00139-TAV-CCS   Document 62   Filed 04/25/16   Page 3 of 4   PageID #: 396

offense level for a career offender . . . is greater than the offense level otherwise applicable, the offense level [as a career offender] shall apply." That was the case here.

Accordingly, the Court lacks jurisdiction under § 3582(c) to modify the defendant's sentence. *See, e.g.*, *United States v. Riley*, 726 F.3d 756, 759 (6th Cir. 2013) (stating that "the sentences of career offenders under § 4B1.1 are not based on the § 2D1.1 ranges" (footnote omitted)); *United States v. Thompson*, 714 F.3d 946, 950 (6th Cir. 2013) (noting that defendant's "status as a career offender essentially trumped the range established under the [drug] guidelines"); *United States v. Payton*, 617 F.3d 911, 914 (6th Cir. 2010) (explaining that "a defendant convicted of [drug] charges but sentenced as a career offender under U.S.S.G. § 4B1.1 is not eligible for a reduction based on [a retroactive amendment to the drug guidelines]" (internal quotation marks and citations omitted))); *United States v. Perdue*, 572 F.3d 288, 292–93 (6th Cir. 2009) (same).

**III. Conclusion**

For the reasons stated herein, the defendant's motion [Doc. 60] is **DENIED**.

IT IS SO ORDERED.

                          s/ Thomas A. Varlan
                          CHIEF UNITED STATES DISTRICT JUDGE