UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No. | 3:11-CR-139-TAV-DCP-1 |
| | ) | | |
| WILLIAM L. BOST, | ) | | |
| | ) | | |
| Defendant. | ) | | |

## MEMORANDUM OPINION AND ORDER

Defendant has asked to serve the remainder of his sentence on home confinement, apparently requesting compassionate release under 18 U.S.C. § 3582(c)(1)(A) [Doc. 64]. However, defendant has not alleged or demonstrated that he requested compassionate release from the warden of his facility, so he has failed to satisfy § 3582(c)(1)(A)'s exhaustion requirement, which is a mandatory prerequisite to considering the merits of his request. Accordingly, defendant's motion [Doc. 64] is **DENIED**.

A court generally lacks "the authority to change or modify [a sentence, once imposed,] unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (citing *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)). The First Step Act of 2018's amendment of § 3582(c)(1)(A) revised one such exception. First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (2018). Prior to the First Step Act, a district court could grant relief under § 3582(c)(1)(A) only on motion of the Director of the Bureau of Prisons. Now a court may modify a defendant's sentence upon a motion by a defendant if the defendant has

exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on defendant's behalf or after the lapse of thirty (30) days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. § 3582(c)(1)(A). If the defendant surmounts this preliminary hurdle, the Court may grant a sentence reduction "after considering the factors set forth in section 3553(a) to the extent that they are applicable" if it finds:

> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . .

*Id.*

Defendant apparently requests relief under § 3582(c)(1)(A) [Doc. 64], but he does not indicate that he has filed a request with the warden to bring a compassionate release motion on his behalf. Thus, the thirty (30) day clock for the warden to respond has not started to run. Nor has defendant had the opportunity to appeal any denial of a request by the warden. Therefore, defendant has not satisfied the statutory prerequisite to consideration of his request for compassionate release, § 3582(c)(1)(A), a prerequisite the Court lacks the authority to waive. *See United States v. Bolze*, No. 3:09-cr-93-1, 2020 WL 2521273, at *3–5 (May 13, 2020). Accordingly, defendant's motion [Doc. 64] is

2

**DENIED with leave to refile when he has satisfied § 3582(c)(1)(A)'s exhaustion requirement**. Defendant's request for appointment of counsel is **DENIED as moot**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE